**FORM TO BE USED BY FEDERAL PRISONERS FOR FILING A PETITION FOR WRIT OF HABEAS CORPUS UNDER TITLE 28 U.S.C. § 2241**

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE**

Hollis Lockett
_____
                Petitioner

84182-020
_____
F.M.C. Devens, P.O. Box 879
_____
Ayer, MA 01432
_____
(Full name under which you were convicted;
Prison Number; Full Mailing Address).

**05-40090 MLW**

**VS.**

**CIVIL ACTION NO.**_____

David L. Winn, Warden
_____
                Respondent(s)

F.M.C. Devens
_____
P.O. Box 880
_____
Ayer, MA 01432
_____
(Name of Warden or other authorized person
having custody of Petitioner).

**PLEASE COMPLETE THE FOLLOWING. READ THE ENTIRE PETITION BEFORE FILLING IT OUT.  ANSWER THOSE QUESTIONS WHICH PERTAIN TO YOUR TYPE OF CLAIM.**

1. This petition concerns:  (check appropriate blank)

_____ A conviction

__X___ A sentence  **(CAUTION:** If you are attacking a sentence imposed under a Federal Judgment, you must file a direct motion under 28 U.S.C. § 2255 in the Federal Court which entered the Judgment).

_____ Jail or prison conditions

_____ Prison discipline issue

_____ A parole problem

_____ Other.  State briefly: _____
_____
_____
_____
_____

2. Place of detention:  Federal Medical Center, Devens
                        Post Office Box 879
                        Ayer, MA 01432

1

message

**HAVE YOU FILED PREVIOUS PETITIONS FOR HABEAS CORPUS MOTION UNDER TITLE 28 U.S.C. § 2255, OR ANY APPLICATIONS, PETITONS OR MOTIONS WITH RESPECT TO THIS CONVICTION?**

_____X_____ Yes          _____ No

3. If your answer is "yes," give the following information:

a. Name of the Court: U.S. District Court Middle District of Macon, Georgia.

b. Nature of proceeding: Violation of 21 U.S.C. §§ 846 and 841(a)(1)

c. Grounds raised: 1. Right to speedy trial, 2. Destruction of evidence, 3. Insufficiency of evidence, 4. Quantity of drugs attributable, 5. Ineffective Assistance of Counsel, 6. Enhancement for Obstruction of Justice, 7. Entrapment charge.

d. Result: Denied

e. Date of result: May 31, 1994

f. Citation or number of any written opinion or order entered pursuant to each such disposition: 867 F. Supp. 1044 C.M.D. Ga. 1994

4. If you did not file a motion under section 2255 of Title 28 U.S.C., or if you filed a motion and it was denied, state why your remedy by way of such motion is inadequate or ineffective to test the legality of your detention: N/A

5. Does counsel presently represent you? _____ Yes ___X___ No

If so, Name address and phone number of counsel: _____

6. Name and location of court, which imposed sentence: U.S. District Court M.D. Georgia Macon Division

7. Indictment or case number, if known: 92-48 MAC (WDO)

8. Offense or Offenses for which sentence was imposed: 21 U.S.C. §§ 846, 841

9. Date upon which sentence was imposed and the term of the sentence: August 20, 1993
235 Months, 19 years and 7 months

10. When was a finding of guilt made? (Check one)
_____ After a plea of guilty

_____X_____ After a plea of not guilty

_____ After a plea of Nolo Contendre

11. If you were found guilty after a plea of not guilty, was that finding made by:
_____X_____ A jury

_____ A judge without a jury

12. Did you appeal the judgment of the conviction or the imposition of a sentence? _____ Yes __X__ No

13. If you did appeal, give the following information for each appeal:

a. Name of court: N/A

b. Result: 

c. Date of result: 

d. Citation or number of opinion: 

e. Grounds raised: (List each one)
N/A

**NOTE: If you appealed more than once, attach an additional sheet of paper the same size, give all the information requested above in question number 13, a through e. DO NOT WRITE ON BACK OF PAGE.**

14. Summarize briefly the facts supporting each ground. If necessary attach a single page behind this page.

**CAUTION:** If you fail to set forth all grounds in this petition, you may be barred from presenting additional grounds at a later date.

a. Ground one:  The Judge, Government and Probation Officer made Plain Errors when calculating the drug weights, under Rule 52(b).

Supporting Facts: (Tell your story BRIEFLY without citing cases or law. You are CAUTIONED that you must state facts not conclusions, in support of your grounds. E.g., who did exactly what to violate your rights at what time or place).

[See: Memorandum of Law Attached]

b. Ground Two:
The Probation Officer and Judge made Plain Errors by using charges that the jury found Petitioner not guilty of and enhancing Petitioner by using relevant conduct.
Supporting Facts:  [See: Memorandum of Law Attached]

Ground Three:
The Probation Officer and Judge were in Plain Error by increasing Petitioner two (2) levels for possession of a fire arm without being charged in the same indictment.
Supporting Facts:  [See: Memorandum of Law Attached]

4

14. Summarize <u>briefly</u> the facts supporting each ground. If necessary attach a single page behind this page.

**CAUTION:** If you fail to set forth all grounds in this petition, you may be barred from presenting additional grounds at a later date.

a. Ground ~~six~~ four: The Probation Officer and Judge made a Plain error by increasing two (2) levels for organizer/ leader under U.S.S.G. § 3B1.1(c)

Supporting Facts: (Tell your story BRIEFLY without citing cases or law. You are CAUTIONED that you must state facts not <u>conclusions,</u> in support of your grounds. E.g., who did exactly what to violate your rights at what time or place).

[See: Memorandum of Law Attached]

b. Ground ~~Two~~ five:
The Government lied and the Judge made Plain Errors in the Obstruction of Justice by increasing Petitioner Lockett two (2) levels for perjury with no advanced notice by the A.U.S.A. before the ending of trial but at sentencing.
Supporting Facts: [See: Memorandum of Law Attached]

Ground Three:

Supporting Facts:

15. If this petition concerns jail or prison conditions, prison discipline, a parole problem or other cause under 28 U.S.C. § 2241, answer the following:

a. Did you present the facts in relation to your present complaint in the internal prison grievance procedure?

_____ Yes _____ No

(1) If your answer to "a" above is yes, what was the result? N/A _____
_____
_____

(2) If your answer to "a" above is no, explain: _____
_____
_____

b. Did you present your claim to the Bureau of Prisons or other federal agency for administrative action?

_____ Yes _____ No

(1) If your answer is "yes," state the date such claim was submitted and what action, if any has been taken:
N/A _____
_____

(2) If your claim has not been acted on, attach copies of any correspondence you have received from the Bureau of Prisons or other federal agency concerning you.

c. **STATEMENT OF CLAIM:** State here as briefly as possible the facts of your case. DO NOT give any legal arguments or cite any cases or any statutes. Attach extra pages of the same size to this page if more room is necessary. DO NOT write on the reverse side of this page.

N/A _____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

**16. RELIEF:** state briefly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.

To vacate and correct sentence.

Signed on this the _2 5_ day of _M a y_ , 200 5 .

_Hollis Lockett_
Signature of petitioner

**I DECLARE (OR CERTIFY, VERIFY OR STATE) THAT THE FOREGOING IS TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE OR INFORMATION AND BELIEF AND THAT ANY FALSE STATEMENTS MADE THEREIN ARE MADE SUBJECT TO THE PENALTIES OF APPLICABLE LAWS RELATING TO UNSWORN FALSIFICATIONS TO AUTHORITIES.**

**Executed on:** _2 5. M a y_ , 200 5 .

_Hollis Lockett_
Signature of petitioner

6

05-40090 MLW

# TABLE OF CONTENTS

Petition Under 28 U.S.C. § 2241 for Writ of Habeas Corpus

Introduction...............................................a

The Parties................................................i

Jurisdiction and Venue.....................................ii

Statement of Jurisdiction..................................iii

Statement of Issues Presented for Review...................1

Statement of Case..........................................1

Statement of Facts.........................................3

Summary of Argument........................................5

Argument

1.  The Judge and Government and Probation Office
    made Plain Error when calculating the drug
    weights, under Rule 52(b)..............................5

2.  The Probation Officer and Judge made Plain
    Errors by using charges that the jury found
    Petitioner not guilty of...............................7

3.  The Probation Officer and Judge were in Plain
    Error by increasing Petitioner two (2) levels
    for possession of firearms, without being
    charged in the same indictment.........................8

4.  The Probation Officer and Judge made a Plain
    Error by increasing two (2) levels for
    Organizer/Leader, under U.S.S.G. § 3B1.1(c)............10

5.  The Government lied and the Judge made Plain
    Errors in the Obstruction of Justice by
    increasing Petitioner Lockett two (2) levels
    for perjury, with no advanced notice by the
    A.U.S.A. before the ending of trial but at
    sentencing.............................................12

Conclusion.................................................20

Certificate of Service.....................................21

Appendix Documents in Support..............................22

UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| HOLLIS LOCKETT, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CIVIL NO.:_____ |
| | ) | |
| DAVID L. WINN, WARDEN, | ) | |
| | ) | |
| FEDERAL MEDICAL CENTER, | ) | |
| | ) | |
| DEVENS, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ARGUMENT IN SUPPORT

## PURSUANT TO 28 U.S.C. § 2241 AND RULE 52(B)

## HABEAS CORPUS WRIT

NOW COMES the above named Petitioner, HOLLIS LOCKETT, acting Pro Se, (hereinafter the "Petitioner"), in the above captioned case humbly submitting this memorandum of Law and argument in support of his 28 U.S.C. § 2241.

(a)

## **THE PARTIES**

1.   The Petitioner, HOLLIS LOCKETT, is a prisoner of the Federal Government, being held in custody/incarceration under color and authority of the statutory laws of the United States of America.

2.   That DAVID L. WINN, is the current Warden of the Federal Medical Center, Devens, in Ayer, Massachusetts, where the Petitioner is a prisoner, and as such Warden Winn, is the proper respondent to this Habeas Corpus Action.

## JURISDICTION AND VENUE

That this court has statute, subject, and subject matter jurisdiction pursuant to 28 U.S.C. § 2241 and that venue is appropriate in that the Federal Medical Center, Devens, is located within the geographical boundaries of the United States District Court for the District of Massachusetts.

## STATEMENT OF JURISDICTION

On May 13, 1993, after jury trial, Lockett was found guilty and on August 20, 1993, Lockett was sentenced to 235 months. On February, 15, 1994, Lockett filed a 28 U.S.C. § 2255 motion. The court denied Lockett's motion on May 31, 1994. On August 16, 1994, Lockett filed a second 28 U.S.C. § 2255, and was denied on November 10, 1994. On November 25, 1994, Lockett filed a notice of Interlocutory appeal. Appeal denied on January 2, 1996, entry date of mandate January 5, 1996.

Pursuant to 28 U.S.C. § 2241, and the Constitution of the United States of America as the District Court of Massachusetts has jurisdiction over this initial matter, Pursuant to 18 U.S.C. § 3231.

## STATEMENT OF ISSUES PRESENTED FOR REVIEW

1.   Whether the Judge and Government and Probation Officer made Plain Errors when calculating the drug weights, under Rule 52(b).

2.   Whether the Probation Officer and Judge made Plain Errors, by using charges that the jury found Petitioner not guilty of, and enhancing Petitioner by using relevant conduct.

3.   Whether the Probation Officer and Judge were in Plain Error by increasing Petitioner two (2) levels for possession of fire arms without being charged in the same indictment.

4.   Whether the Probation Officer and Judge made a Plain Error, by increasing two (2) levels for Organizer/Leader under U.S.S.G. § 3B1.1(c).

5.   Whether the Government was lying, and the Judge making a Plain Error in the Obstruction of Justice by increasing Petitioner Lockett two (2) levels for perjury with no advance notice by the A.U.S.A. before the ending of trial, but at sentencing.

## STATEMENT OF THE CASE

### THE GRAND JURY CHARGES:

#### COUNT ONE

That beginning on January 1, 1987, and continuing until March 19, 1992, in Macon Division of the Middle District of Georgia, HOLLIS LOCKETT, DALE LOCKETT, and ROBERT DEESE did unlawfully and willfully conspire with each other and with other persons, both known and unknown to the Grand Jury, knowingly and intentionally to possess with intent to distribute a schedule II controlled substance, to-wit: cocaine and a mixture and

substance containing a detectable amount of cocaine, that is cocaine base; all in violation of Title 21, United States Code, Section 846, in connection with Title 21, United States Code, Section 841(a)(1).

**COUNT TWO**, That on or about January 20, 1988, Hollis and Dale Lockett intentionally distributed a schedule II controlled substance, to-wit: cocaine; all in violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2. <u>Dismissed</u>.

**COUNT THREE**, On October 3, 1990, Hollis Lockett, aided and abetted by other persons, to distribute cocaine in violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2. <u>Dismissed</u>.

**COUNT FOUR**, On October 18, 1990, aided and abetted by other persons, to distribute cocaine in violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2.

**COUNT FIVE**, On or about December 5, 1990, in Macon Division of the Middle District of Georgia, Hollis Lockett and Robert Deese distribute a schedule II controlled substance, to-wit: a mixture and substance containing a detectable amount of cocaine, that is cocaine base; all in violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2.

**COUNT SIX**, On or about January 10, 1992, in Macon Division of the Middle District of Georgia, Hollis Lockett aided and abetted by other persons, to distribute a detectable amount of cocaine, that is cocaine base; all in violation of Title 21,

2

United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2.

**06-01-1992**, Arrest Warrant issued as to Hollis and Dale Lockett, and Robert Deese [Entry date November 10, 1992].

**06-03-1992**, Initial appearance as to Hollis Lockett held. Defendant infored of rights [Entry date Novermber 10, 1992].

**06-10-1992**, Arraignment as to Hollis Lockett held. Defendant waived formal reading of indictment and entered plea of not guilty. Notice of Sentencing Guidelines as to Hollis Lockett [121 - 151 months sentence]. Entry November 10, 1992. Before Magistrate Judge Hicks.

### STATEMENT OF FACTS

Jury trial as to Petitioner Hollis Lockett held May 12 and 13 in Macon, Georgia before Judge Wilbur D. Owens, Jr. (1993)

Petitioner Lockett found guilty by Jury verdict May 13, 1993 [Entry date 05-14-1993].

Objection U.S.A. to Presentence Investigation Report as to Petitioner Lockett [Entry date 08-12-1993].

Objection by Petitioner Lockett to Presentence Investigation 08-16-1993 and Response by Lockett in opposition to objection U.S. Probation Officer [Entry date 08-16-1993].

Sentencing held as to Hollis Lockett on counts 1ss, 4ss, 5ss, 6ss 08-20-1993 and dismissal of count(s) on Government motion as to Hollis Lockett count(s) 2ss, 3ss [Entry date 08-23-1993].

Sentencing hearing as to Hollis Lockett before Judge Wilbur D. Owens, Jr., in Macon, Georgia. Oral argument by counsel as to guideline calculations. Judge ruled in favor of calculations

3

as prepared by Probation Department. Petitioner Lockett sentenced 08-20-1993 [Entry date 08-23-1993].

The Judgment as to Hollis Lockett imprisonment 235 months on count 1ss, count 4ss, count 5ss and count 6ss; all to run concurrently for a total of 235 months, followed by 5 years of supervised release. Mandatory assessment fee of $200.00, by Judge Wilbur D. Owens, Jr. [Entry date 08-27-1993].

Judge Hicks gave notice of Sentencing Guidelines as to Petitioner Lockett 06-10-1992 [Entry date 11-10-1992]. And Judge Hicks made a plain error, when he put the Petitioner, in criminal history category three (3) and offense level thirty (30), with no prior conviction.

The Probation Officer in his Pre-sentencing report enhanced Lockett from level thirty (30) for specific offense characteristics: possession of fire arms two (2) levels with no charges, to level thirty-two (32).

Adjustment for role in the offense: Organizer/leader two (2) levels under U.S.S.G. § 3B1.1(c), whereas codefendants were charged separately with offenses of possession with intent to distribute cocaine base, to level thirty-four (34).

Adjustment for obstruction of justice zero (0), but enhanced Petitioner two (2) levels at sentencing for perjury, which gave Petitioner Lockett criminal history of zero - one (0 - 1) and offense level thirty-six (36), and with no advanced notice which makes all of the enhancements and calculations in Plain Error and in violation of the Sixth Amendment and Rule 52(b). The Supreme Court ruling in Winship, [1970]; Jackson v. Virginia, Ex Parte Baih (1887); Booker in 2005.

4

## SUMMARY OF THE ARGUMENT

1.   The Judge and Government and Probation Officer made Plain Errors when calculating the drug weights, under Rule 52(b).

2.   The Probation Officer and Judge made Plain Errors by using charges that the jury found Petitioner not guilty of, and enhancing Petitioner by using relevant conduct.

3.   The Probation Officer and Judge were in Plain Error by increasing Petitioner two (2) levels for possession of fire arms without being charged in the same indictment.

4.   The Probation Officer and Judge made a Plain Error, by increasing two (2) levels for Organizer/leader under U.S.S.G. § 3B1.1(c).

5.   The Government was lying, and the Judge made a Plain Error in the Obstruction of Justice by increasing Petitioner Lockett two (2) levels for perjury with no advance notice by the A.U.S.A. before the ending of trial, "but at sentencing."

## ARGUMENT

**POINT ONE:**

In United States v. Booker, No. 04-104, decided January 12, 2005, under Federal Sentencing Guidelines the sentence authorized by the jury verdict in respondent Booker's drug case was 210 to 262 months imprisonment.

At sentencing hearing, the Judge found additional facts by preponderance of the evidence. Because these findings mandated a sentence between 360 months to life, the Judge gave Booker a 30 year sentence instead of the 21 year and 10 month sentence he could have imposed based on the facts proved to the jury

5

beyond a reasonable doubt.

In Petitioner Lockett's instant case falls into the heartland of <u>United States v. Booker</u>, because the Probation Officer, made a Plain Error in calculating the drug weights pursuant to Rule 52(b) and the new Supreme Court ruling in Booker and Blakely.

According to paragraphs 5, 8, and 9 of the Presentencing report, Petitioner Lockett was only found guilty of crack cocaine sales of 2.9 grams, 3.3 grams and 1.2 grams, for a total of 7.4 grams on counts 4, 5, 6.

7.4 grams multiplied by 20 kilograms of marijuana equivalency per gram of cocaine base is 148 kilograms, that would be level 26.

> Since now only one drug is involved you would not use a conversion to marijuana, but rather the normal drug quantity tables, however, the level would be the same. 148 kg of marijuana calls for level 26.

Magistrate Judge Claude W. Hicks, Jr. on June 10, 1992, gave Petitioner LOckett, notice of sentencing Guildelines 121 to 151 months. That would be an error because that would put Petitioner in Criminal History category three (3) and Offense level thirty (30). See: Docket sheet entry [page 6, sec. 12].

The Judge's clear error was that Petitioner Lockett only has a Criminal History of zero (0) for prior convictions, which would be 97 to 121 months at Offense level thirty (30).

In the Presentencing report the Probation Officer made a clear error by enhancing Petitioner Lockett's starting level at thirty (30), four levels more than his base level should have been. If the Probation Officer would have started Lockett's level at twenty six (26) because of the dismissal of counts 2

6

and 3ss indictments by the Government for 108 grams and 2.4 grams of crack cocaine, Petitioner's history and level would be 1 and 26, 63 to 78 months imprisonment.

With the enhancement for leadership, firearm possession and obstruction, with two (2) level enhancement for each of them, would only bring the level to 0 - 1 and 32 for 121 to 151 months imprisonment, and not 0 - 1 and 34 for 151 to 188 months imprisonment. See Sentencing Table in U.S.S.G. for errors. See page 2 - 6 of the P.S.I.R. See Olano 507 U.S. 732, Gore 154 F.3d 48 Notice and correct the Plain Error. See U.S. v. Martinez Rios, 143 F.3d 662, miscalculation of the base offense level.

## ARGUMENT 2

The Probation Officer and Judge made Plain Errors by using charges that the jury found Petitioner not guilty of and enhancing Petitioner by using relevant conduct, also error by increasing two (2) levels for possession of a firearm, without being charged or indicted by the Grand Jury.

The Probation Officer and Judge were in error, based on relevant conduct provisions found at U.S.S.G. § 1B1.3, holding Petitioner Lockett accountable for counts 2 and 3 of the indictment which the court declared a mistrial on, after the jury could not reach a verdict.

Count 2 involves the 108 grams of powder cocaine confiscated from the Petitioner's mother's home, where as codefendant Dale Lockett pled guilty to the 108 grams because he lived with his mother and Petitioner Hollis Lockett did not live there. Do not apply under § 1B1.3 [Relevant conduct].

Count 3 involves the sale of 2.4 grams of crack cocaine

7

allegedly sold by Petitioner to a confidential informant, U.S.S.G. §§ 1B1.3(a)(1)(A) and (B), and Petitioner allegedly negotiated an uncompleted distribution to sell one kilogram of powdered cocaine to an informant and the trial jury could not find Petitioner Lockett guilty of the charges of counts 2 and 3 of the s.s. indictment beyond a reasonable doubt.

The drug amounts for relevant conduct must go away. See section 22, of the presentencing report, page 5. The fifth Amendment of the United States Constitution declares that..."[n]o person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a grand jury." In Cole, et. al. v. Arkansas, 333 U.S. 196, 201 (1948) stated that it would be...as much a violation of Due Process to send an accused to prison following a conviction of a charge that was never made. In the instant case, the Judge and Probation Officer made a totally erroneous finding as to the guilt or innocence of the Petitioner concerning the alleged uncharged criminal activity surrounding counts 2 and 3 that the jury found Petitioner not guilty of, for calculating the drug weight in marijuana equivalency by using relevant conduct to enhance Petitioner base level to 30, a clear error, pursuant to Rule 52(b) and Booker. See Johnson v. U.S., 137 L.Ed.2d 718 (1997) Plain Error affects the fairness of judicial proceedings.

### ARGUMENT 3

Probation Officer also errored in the specific offense characteristics pursuant to U.S.S.G. § 2D1.1 by enhancing Petitioner two levels for being in possession of a firearm during an alleged transaction involving the attempted sale of

one kilogram of cocaine. Where as Petitioner did not have any cocaine with him or around him, in other words, there was no cocaine at all in the car with Petitioner Lockett's possession of a firearm. The Petitioner's handgun was legal with a permit to carry, but the handgun was in the console glove compartment, not in plain view between Lockett and Davis. Also, the Petitioner was not charged or indicted for the possession of the handgun by the Grand Jury or argued at Petitioner's jury trial. However, Petitioner was enhanced at sentencing for relevant conduct, two levels, where Petitioner allegely on December 11, 1990, discussed with an informant the purchase of one kilogram of cocaine which the Petitioner advised would cost $36,000. The conversation ceased with both parties agreeing to contact one another in one week.

On December 20, 1990, Petitioner and the informant arranged to meet at a grammar school in Yatesville, Georgia, on December 29, 1990, so that they could proceed to Atlanta to get the kilogram of cocaine.

On December 29, 1990, the Petitioner and another individual, later identified as Marcel Davis, arrived at the school in the Petitioner's car. The Petitioner and Davis and the informant established that they would split the $36,000 which allegely the informant brought for the purchase of the kilogram. See Castillo v. U.S., 234 F.3d 802, 924(e) See U.S. v. Thomas, 274 F.3d 655 and Olano 507 U.S. 732, Gore 154 F.3d 48 Plain Error.

They also established that the informant would follow Lockett and Davis to Atlanta. As the Petitioner and Davis began to drive off in Petitioner's car, States authorities blocked the

9

exits and arrested the Petitioner and Davis. In addition to confiscating the money and a loaded 357 revolver. Both Lockett and Davis were arrested and charged by state authorities with Attempting to Traffic in cocaine. The charges were subsequently dismissed, due to the lack of evidence. See Bailey v. United States, 516 U.S. 137, 133 L.Ed.2d 472, 1165 S.Ct. 501 held to require showing of active employment of firearm such that firearm is operative factor in relation to predicate offense. Also see U.S. v. Lasanta, 978 F.2d 1300 (2nd Cir.), evidence did not support conviction for carrying firearm during and in relation to drug-trafficking crime, although defendant was found to have possessed loaded revolver shortly after meeting with coconspirator during course of charged heroin and cocaine conspiracies; when defendant was stopped shortly after meeting, no drugs were found despite thorough search of defendant's person and inside of car he was driving and its trunk, and although fistful of currency amounting to $2,376 was found stuffed inside jacket pocket, whether defendant had recently sold drugs to coconspirator or picked up money from coconspirator to buy drugs was speculation. See U.S. v. Cruz-Rojas, 101 F.3d 283 (2nd Cir. 1996). See U.S. v. Taylor, 31 F.3d 459 (7th Cir. 1994). Whereas no drugs were given to the informant and no drugs in the Petitioner's vehicle and the handgun, the two level for possession of a firearm with drugs must be severed and excised from Petitioner's enhancement level. See PSI page 3, section 12 - 14; also page 6, section 28.

## ARGUMENT 4

The Probation Officer and Judge made a Plain Error by

increasing Petitioner two levels pursuant to U.S.S.G. 3B1.1(c), because codefendants charged with separate offenses of possession with the intent to distribute. Codefendant Dale Lockett pled guilty to count 9 of the indictment which charges possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1). Codefendant Robert Deese pled guilty only to a one-count information which charges possession of a firearm violation of 18 U.S.C. § 922(g)(1) only.

The Probation Officer in his Presentencing report in section 9 said that during a drug sale on December 5, 1990, the Petitioner, who was hospitalized at the time, advised the confidential informant to contact Robert Deese to arrange a drug sale. This would not make Petitioner an Organizer/Leader. Subsequently, the enhancement under 3B1.1(c) could not apply for merely suggesting committing the offense.

In page 2, section 6 of the Presentencing report, authorities determined that Dale Lockett distributed drugs on his own but received his drug supply from the Petitioner. That would not make Petitioner an Organizer/Leader, he would only be a supplier. Therefore, an enhancement under 3B1.1(c) would not apply. Also, in section 6, Robert Deese began distributing drugs himself. See jury trial transcript where Dale Lockett said under oath that he never purchased any drugs for Petitioner (page 24, section 18; page 30, section 19; page 31, sections 10 & 11; page 32, sections 6 to 8; page 39, sections 15 to 25).

In section 11, Presentencing report, the informant reported to the authorities that Petitioner and Marcel Davis established that they would split the $36,000, which the informant brought

11

for the purchase of the kilogram of cocaine. However, the Petitioner and Davis were equal partners in the scheme. See United States v.Greenfield, ___ F.3d ___ (2nd Cir. January 13, 1995 No. 94-1001), which holds that an increase must be based on control or organization of another person. Also, see United States v. Catano, Mass., 94-1502, 9 - 18, 1st Cir., finding that requirement of 18 U.S.C. § 3553(c) had not been met because District Court Judge made a Clear Error when he did not state in open court with sufficient specificity, reason for deciding four level upward enhancement of sentence. Marcel Davis was never in Petitioner's indictment.

3B1.1(c) To qualify for an adjustment under this section, the Petitioner must have been the organizer, leader, manager or supervisor of one or more other participants. An informant or undercover law enforcement officer is not a participant.

The Government nor Grand Jury or Trial Jury found Petitioner guilty beyond a reasonable doubt all facts legally essential to his sentence enhancement under 3B1.1(c) Organizer/Leader. See Jones v. U.S., 1195 S.Ct. 1215 (1999), Apprendi v. New Jersey, S.Ct. No. 99-478 (2000) Winship, 397 U.S. 358, 364 (1990) the Government must allege all elements of a crime in the indictment. Also see Jackson v. Virginia, 443 U.S. 307, 61 L.Ed.2d 560, 99 S.Ct. 2781, also in Rebmann, 98-6386, 6th Cir. (2000). Ex Parte Bain (1887) and Booker (2005) Blakely (2004).

## ARGUMENT 5

Obstruction of Justice two levels for perjury with no charge or indictment by Grand Jury or found guilty by the trial jury, and no advance notice.

12

In the Presentencing, section 18, Adjustment for Obstruction of Justice, the Probation Officer wrote, that the Probation Office has not developed any information suggesting the defendant impeded or obstructed justice. See section 19 in the Presentencing report adjustment for acceptance of responsibility. After being found guilty of four drug-related counts in a jury trial, the defendant continued to deny any involvement in drug activity. He stated that he had never sold any drugs and that confidential informants would make purchases from others and use the defendant's name when, in fact, the defendant was not present. He also denies that his voice is on any tape relating to undercover purchases and that "they framed me."

See section 31, adjustment for obstruction of justice: none. 0
See section adjustment for acceptance of responsibility: It is the opinion of the U.S. Probation Office that Lockett has not demonstrated a recognition and an affirmative acceptance of personal responsibility for his criminal conduct. Therefore, pursuant to U.S.S.G. § 3E1.1(a), a two (2) level reduction is not warranted: 0

Total Offense level: 34

Judgment in a criminal case, statement of reasons page 5 of 5: court found that defendant committed perjury at trial and base offense level was increased by two levels pursuant to the obstruction enhancement found at U.S.S.G. § 3C1.1

Guildeline Range determined by the Court:

Total Offense level: 36

Criminal History category: 1

Imprisonment Range: 188 months to 235 months

13

Statement of Reasons:

The sentence is within the guideline range, that range exceeds 24 months, and the sentence is imposed for the following reasons(s): Court found the sentence reflects the totality of the circumstances and the extensiveness of the defendant's criminal conduct.

On August 20, 1993, A.U.S.A. Micheal T. Solis claimed that he filed a brief for the obstruction of justice under section 3C1.1, that Petitioner Lockett committed perjury during the trial.

There was no evidence of him filing a brief in court or issuing one to the Probation Officer or notifying Petitioner and counsel. And did not give an advanced notice, to give Petitioner and counsel time to object to the enhancement. Violates Petitioner's due process and the Fifth Amendment. This was done at sentencing. When looking at section 18, the Probation Officer had not developed any information suggesting the defendant impeded or obstructed justice. And in section 31, in the Presentencing report he gave Petitioner 0.

This shows that A.U.S.A. Solis never filed any brief in court or served any one with a copy of his so called brief to enhance Petitioner for committing perjury at trial.

Petitioner's trial ended on May 13, 1993, and Presentencing report was prepared on July 16, 1993, and approved on August 10, 1993, with no information about Petitioner committing any perjury at trial. But at sentencing A.U.S.A. Solis claims that he filed a brief in court, and the court did not know any thing about a brief being filed. Nor did the Clerk know about the brief. [See pages 1 - 2, sections 22 - 25; at sentence page 2,

sections 1 - 3]. The court said: "well remind me of what it is please sir." The Judge did not ask him to produce his brief to prove that he ever filed one. A.U.S.A. Solis had no copy of his alleged brief that he claimed he filed in court, with no date of filing to the Clerk's Office. But the Judge allowed him to do an oral motion to that effect, about Petitioner Lockett committing perjury at sentencing. Which was a Plain Error and violated Petitioner's due process, and to give advanced notice, also the Fifth Amendment. This was clear constructive amendment and violated the Petitioner's right to defend himself in a fair trial causing a Constitutional violation of the 5th and 6th Amendments.

This constructive amendment caused a great increase in the Petitioner's sentence whereas, it increased the guideline level causing the Petitioner to receive a higher sentence.

See:[United States v. Mora, 22 F.3d 409, 413, (2nd Cir. 1994)], a sentence that exceeds the guideline range is considered an upward departure; also see:[United States v. Harotunian, 920 F.2d 1040, 1042 - 43, (1st Cir. 1990)], defining a departure as a sentence outside the guideline range thus, when the district court imposed a ten (10) year supervised release term, it departed upward from the guideline sentence, requiring advance notice to the court, Burns, 501 U.S. at 138 - 39, and also an explanation, also see:[Cortes-Claudio, 152 F. Supp. 2d at 181], the court did not provide the parties notice of a potential upward departure. See:[Eng, 14 F.3d at 171, and United States v. Mangone, 105 F.3d 29, 35, (1st Cir. 1994)], lack of Burns notice constituted plain error, when the Judge had to find aggravating circumstance, with no Presentencing report to that

15

effect and no brief from A.U.S.A. Solis and giving the reason for the upward departure in the statement of reasons. That the range exceeds 24 months, and the sentence is imposed for the following reason(s): The Court found the sentence reflects the totality of the circumstances and the extensiveness of the defendant's criminal conduct. Under 3553(b)(1), does not avoid the Constitutional issue. See:[Booker also see Statement of Reasons page 5 of 5]. The Sixth Amendment of the United States

> Constitution confers a right to be informed of the nature and cause of a criminal accusation, the charging document must therefore, provide notice of the charges, adequate for the preparation of a defense, it provides enough detail to permit an evaluation of a claim of double jeopardy.

In the federal Rule of Criminal Procedures Rule 7(c)(1) requires a plain and concise and entertained that are not stipulated in the indictment. See:[U.S. District Court for the Middle District of Georgia (Macon) Criminal docket for Case No. 92-CR-48-1, U.S.A. v. Lockett - Judge Wilbur D. Owens, Jr.].

Proceedings include all events.

Will show that A.U.S.A. Solis never filed a motion in this court about Petitioner Lockett committing perjury at his jury trial under oath. Also see the beginning of jury trial page 9, May 12, 1993, section 66 to August 20, 1993, section 87, page 11.

That makes A.U.S.A. Solis committing misconduct by telling the Judge a lie to enhance Petitioner for perjury and the Judge making Plain Error for allowing him to give an oral motion in court, where he did not give an advanced notice and had no evidence to that effect. The two level for obstruction of justice is not warranted. The lack of Burns notice constituted

16

plain error, also Petitioner Lockett suffered plain error by the court's constructive amendment of the indictment causing him to receive a higher sentence on the guideline by violating his rights to due process and fair sentencing hearing. See:[Strickland v. ¬Washington, 466 U.S. 668 (1948)], "the due process clause entitles defendants in criminal cases to fundamentally fair procedures. It is fundamentally unfair for a prosecutor to knowingly present to a jury or judge perjury by lieing to get a conviction or enhancement." In United States v. LaPage, 231 F.3d 488, 491, (9th Cir. 2000). The Supreme Court has long since made it clear that "a conviction obtained through the use of false evidence, or statements, known to be such by representative of the state, must fall under the Fourteenth Amendment." See:[Wapue v. Illinois, 360 U.S. 264, 269, 79 S.Ct. 1173, 3 L.Ed.2d 1219 (1959)]. See:[United States v. Bagley, 473 U.S. 667 n.9, 105 S.Ct. 3375, 87 L.Ed.2d 481 (1985).

Title 18 U.S.C.A. § 3553(b) directs that a court "shall impose a sentence of the kind, and within the range" established by the Guidelines, subject to departures in specific, limited cases. Because they are binding on all judges, the Supreme Court has consistently held that the Guidelines have the force and effect of laws. Further, the availability of departure where the judge "finds...on aggravating or mitigating circumstances of a kind or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence different from that described," 3553(b)(1), does not avoid the constitutional issue.

Departures are unavailable in most cases because the commission will have adequately taken all relevant factors into

17

account, and no departures will be legally permissible. In those instances, the Judge is legally bound to impose a sentence within the guidelines range. In Cole, et. al. v. Arkansas, 333 U.S. 196, (1948), Winship 397 U.S. 358 (1970), Apprendi, and Jones. Also, Jackson v. Virginia, 61 L.Ed.2d 560. Also see: Blakely, Ring v. Arizona and Booker, made clear "that the maximum sentence a Judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant." The Fifth Amendment Grand Jury clause provides that "a trial may be held in a serious federal criminal case only if a Grand Jury has 'first' intervened reflects centuries of antecedent development of common law." See:[Russell v. United States, 369 U.S. 749, 760 - 61, 82 S.Ct. 1038, 1045 (1962)].

The Supreme Court held that "if it lies within the province of an indictment to suit its own notions of what it ought to have been or what the Grand Jury would probably have made it if their attention has been called to suggested changes, the great importance which the common law attaches to an indictment by a Grand Jury, as a prerequisite to a prisoner's trial for a crime, and without which the Constitution says 'no person shall be held to answer,' may be frittered away until its value is almost destroyed...".

Any other doctrine would place the rights of the citizen, which were intended to be protected by the Constitutional provision, at the mercy or control of the court or prosecution attorney; the way that Petitioner Lockett suffered is his above five arguments; for; if it be once held that change can be made by the consent or the order of the court in the body of the indictment as presented by the Grand Jury, and the prisoner can

18

be called upon to answer to the indictment as thus changed, the restriction which the Constitution places upon the power of the court; in regard to prerequisite of an indictment, in reality no longer exists." Id. at U.S. 770 - 71, at S.Ct. 1050 - 51, quoting Ex Parte Bain, 121 U.S. 1, 10, 13, 7 S.Ct. 786 (1887), also according, Strione v. United States, 361 U.S. 212, 218, 80 S.Ct. 270, 273 (1963), for this reason, an indictment can only be amended by resubmission to the Grand Jury. A Fifth Amendment violation occurs when an individual is convicted of and sentenced for a offense not charged in the indictment that was presented to the federal Grand Jury. As Petitioner Lockett was, in his five (5) above arguments, constitutes plain error.

The Supreme Court ruled that federal Judges have been improperly adding time to criminals' sentences, a decision that puts in doubt longtime sentencing rules, and ruled that juries, not judges, should consider factors that can add years to defendant's prison sentences applies as well to the 17 year old federal guidelines system.

Justice Breyer delived the Opinion of the Court in part, concluding that 18 U.S.C.A. § 3553(b)(1), which makes the federal Sentencing Guidelines mandatory is incompatible with today's Sixth Amendment, "jury trial," holding and therefore must be severed and excised from the Sentencing Reform Act of 1984[Act]. Section 3742(e), which depends upon the Guidelines mandatory nature also must be severed and excised. So modified, the Act makes the Guidelines effectively advisory; requiring a sentencing court to consider Guidelines ranges, see:[§ 3553(a)(4)], but permitting it to tailor the sentence in light of other statutory concerns, see:[§ 3553(a), page 2 - 26].

The Supreme Court stated further that ["A-new rule in the Booker 543 U.S. 2005, page 25," ("as these dispositions indicate, we must apply today's findings...both the Sixth Amendment holding and our remedial interpretation of the Sentencing Act to all cases on Direct and Collateral review," i.e. 28 U.S.C. § 2255)]. See:[Apprendi 530 U.S. and Blakely 542 U.S.]. The Supreme Court stated futher that ("A-new rule for the conduct of criminal prosecutions is to be applied retroactively to all cases pending on review or not yet final, [with no exception for cases in which the new rule constitutes a 'clear break with the past']"). See:[Reynoldsville Casket Co. v. Hyde, 514 U.S. 749, 752 (1995), civil cases citing Harper v. Virginia Dept. of Taxation, 509 U.S. 86, 97 (same)(1993).

Petitioner Lockett correctly argues that the seriousness of his enhancements were severly over represented: and was a plain error pursuant to Rule 52(b), that affected Petitioner's substantial rights, was an actual error and was plain or obvious also seriously affected the fairness, integrity, and the public reputation of judicial proceedings, and the Sixth Amendment of the United States Constitution (1791).

## CONCLUSION

Based upon the decision in the above statutes and in addition to the rules and the authorities cited in Petitioner's motion and memorandum of law pursuant to 28 U.S.C. § 2241 and Rule 52(b) to remand and correct and resentence, will allow Petitioner's Motion.

Respectfully submitted

*Hollis Lockett*

Hollis Lockett
Reg. No. 84182-020
F.M.C. Devens, Box 879
Ayer, MA 01432

20

## CERTIFICATE OF SERVICE

I, Hollis Lockett, Petitioner; do hereby affirm and attest that, I have sent a true copy of Petitioner's 28 U.S.C. § 2241 pursuant to Rule 52(b), to the Office of the United States Attorney, at the United States District Courthouse, One Courthouse Way, Boston, Massachusetts 02210, on this $25$ day of $May$, 2005, by first class legal mail.

Signed pursuant to 28 U.S.C. § 1746

Hollis Lockett
Reg. No. 84182-020

# APPENDIX

## TABLE OF CONTENTS

Page(s)

The Docket Sheet and Presentencing report will
show the Judge and Probation Officer and
Government making Plain Errors, in Calculating the
drug weights...................................... 1 - 7

The Presentencing report will show, Probation
Officer and Judge made Plain Errors by using
charges that the Trial Jury found Petitioner
Lockett not guilty of, and enhancing Petitioner by
using relevant conduct on counts two (2) and three
(3)............................................... 6 - 8

The Presentencing report will show that Petitioner
Lockett had no drugs when stopped by Police and
owning no drugs at his mother's house, and
Probation Officer and Judge were in Plain Error by
increasing two (2) levels for possessing firearms
with drugs without first being charged and
indicted by the Grand Jury....................... 4 - 7

The Presentencing report will show that the
Probation Officer and Judge made Plain Errors by
increasing Petitioner two (2) levels for        [2 - 4]
Organizer/Leader under U.S.S.G. § 3B1.1(c)........ 9 - 14

The statement of reason and docket sheet and
sentencing transcript will show the Government
lying and the Judge made Plain Errors in the
Obstruction of Justice by increasing Petitioner
Lockett two (2) levels for perjury with no
advanced notice by the A.U.S.A. before the ending
of the trial, but at sentencing................... 15 - 22

Proceedings include all events.
5:92cr48-1 USA v. Lockett, et al

5/29/92  1       SEALED INDICTMENT as to  Hollis Lockett (1) count(s) 1, 2,
                 3-6, Dale Lockett (2) count(s) 1, 2, 5, 7, Robert Deese (3)
                 count(s) 1, 5 (cal) [Entry date 11/10/92]

5/29/92  2       JURY QUESTONNAIRES mailed to all jurors as to Hollis
                 Lockett, Dale Lockett, Robert Deese (cal)
                 [Entry date 11/10/92]

6/1/92   --      Arrest WARRANT issued as to Hollis Lockett, Dale Lockett,
                 Robert Deese (cal) [Entry date 11/10/92]

6/3/92   --      ARREST of Hollis Lockett on June 3, 1992 (cal)
                 [Entry date 11/10/92]

6/3/92   --      Initial appearance as to Hollis Lockett held (Defendant
                 informed of rights.) (cal) [Entry date 11/10/92]

6/3/92   --      Bond hearing as to Hollis Lockett held (cal)
                 [Entry date 11/10/92]

6/3/92   9       Minute sheet as to Hollis Lockett: Initial Appearance and
                 Bond Hrgs held before Mag Judge Hicks.  Bond set at $15,000
                 UNSECURED (cal) [Entry date 11/10/92]

6/3/92   10      ORDER Setting Conditions of Release as to Hollis Lockett
                 Bond set to $15,000 UNSECURED.  (Signed by Mag. Judge
                 Claude W. Hicks Jr.) (cal) [Entry date 11/10/92]

6/3/92   11      UNSECURED BOND entered by Hollis Lockett in Amount $ 15,000
                 (cal) [Entry date 11/10/92]

6/3/92   --      CJA 20 as to Hollis Lockett : Appointment of Attorney
                 Josephine Bryant Jones  Voucher # 0499481 ( Signed by Judge
                 Wilbur D. Owens Jr. ) (cal) [Entry date 11/10/92]

6/3/92   --      Indictment unsealed as to Hollis Lockett, Dale Lockett,
                 Robert Deese (cal) [Entry date 11/10/92]

6/10/92  --      Arraignment as to Hollis Lockett held.  Defendant waived
                 formal reading of indictment and entered plea of NOT GUILTY
                 in writing. (cal) [Entry date 11/10/92]

6/10/92  9       Minute sheet as to Hollis Lockett: Arraignment Hrg held
                 before Mag Judge Hicks.  Standard Pretrial Order to be
                 entered. (cal) [Entry date 11/10/92]

6/10/92  12      NOTICE of Sentencing Guidelines as to Hollis Lockett (121
                 to 151 months) (cal) [Entry date 11/10/92]

6/11/92  15      STANDARD PRETRIAL ORDER as to Hollis Lockett, Dale Lockett,
                 Robert Deese setting Motion filing deadline on 6/22/92 for
                 Hollis Lockett, Dale Lockett and Robert Deese (Signed by
                 Mag. Judge Claude W. Hicks Jr.) (cal) [Entry date 11/10/92]

RE: **LOCKETT, Hollis**
**Docket No. 92-48-MAC-001**

Chapter 5, Part A, zero to one point establishes a criminal history category of I.

Other Criminal Conduct

41.  None.

Pending Charges

42.  01-10-92    1) Possession of Drug-Related    Pending.
     (Age 35)       Object;
                 2) Sale/Possession of Dangerous
                    Drug With Intent to Distribute

43.  Locket posted a $10,000 property bond on these charges. These charges are directly related to the instant federal indictment. These charges are likely to be dismissed after the defendant is sentenced in Federal Court.

Other Arrests

| Date of Arrest | Charge | Agency | Disposition |
|---|---|---|---|
| 44.  01-16-87 (Age 30) | 1) Possession of Cocaine; 2) Possession of Drug Parapher. | Roberta, GA Superior Court, No. 87-4284 | 12-23-87; Charges dismissed. |

45.  According to the indictment, the defendant was found to be in possession of cocaine, three marijuana cigarettes, one set of scales, and assorted glass pipes, as commonly used in drug cases. Records reflect this case was dismissed due to a lack of evidence. This is also related to the instant Federal charges.

| | | | |
|---|---|---|---|
| 46.  12-29-90 (Age 34) | Conspiracy to Traffic in Cocaine | Thomaston, GA Superior Court, No. 91-R-4 | 01-10-91; Charges dismissed. |

47.  Court records reflect that this offense involved the defendant's attempt to sell one kilogram of cocaine. This is directly related to the instant offense. The charge was dismissed based on the Federal prosecution.

PART C.   OFFENDER CHARACTERISTICS

8

(2)

RE:    LOCKETT, Hollis
       Docket No. 92-48-MAC-001

### The Offense Conduct

5.  On May 13, 1993, the defendant was found guilty of Counts
    1, 4, 5, and 6 involving a conspiracy and three substantive
    sales of a total of 7.4 grams of crack cocaine.

6.  After a lengthy investigation, local law enforcement
    authorities identified the defendant as a major drug
    supplier in Crawford County and surrounding areas. Hollis
    Lockett was responsible for distributing crack cocaine,
    powder cocaine and marijuana to a number of individuals in
    the Crawford County area. Initially, Robert Deese also
    distributed drugs for the defendant. Authorities determined
    that Dale Lockett distributed drugs on his own but received
    his drug supply from the defendant. Robert Deese eventually
    severed ties with the defendant and began distributing
    drugs himself. It is noted that on one drug sale by the
    defendant to an undercover agent, the defendant smoked
    crack cocaine with the informant.

7.  The drug conspiracy began on January 1, 1987 and continued
    until March 19, 1992. There were 18 controlled buys ranging
    from .7 to 10.6 grams of crack cocaine by confidential
    informants totaling 25.76 grams. It is noted that there
    were four undercover sales in which the drugs were not
    analyzed to determine specific weights. Confidential
    informants, wire taps and recording devices were used by
    authorities during the controlled buys made from the
    defendant or Robert Deese. Robert Deese also assisted in
    the cooking of powdered cocaine to its crack form during
    the beginning of the organization.

8.  The defendant was specifically found guilty of crack
    cocaine sales which occurred on October 18, 1990, December
    5, 1990, and January 10, 1992, in amounts of 2.9 grams, 3.3
    grams and 1.2 grams respectively.

9.  During a drug sale on December 5, 1990, the defendant, who
    was hospitalized at the time, advised the confidential
    informant to contact Robert Deese to arrange a drug sale.
    Deese subsequently met the informant in Hollis' trailer and
    cooked cocaine into its crack form in the defendant's
    microwave oven. The informant then purchased 3.3 grams of
    crack cocaine for $500.

10. On December 11, 1990, an informant discussed with the
    defendant the purchase of one kilogram of cocaine which the
    defendant advised would cost $36,000. The conversation
    ceased with both parties agreeing to contact one another in

2

LOCKETT, Hollis
Docket No. 92-48-MAC-001

approximately one week. On December 20, 1990, the defendant and the informant arranged to meet at a grammar school in Yatesville, Georgia, on December 29, 1990, so that they could proceed to Atlanta to get the kilo of cocaine.

11. On December 29, 1990, the defendant and another individual, later identified as Marcel Davis, arrived at the school in the defendant's vehicle. The defendant, Davis and the informant established that they would split the $36,000 which the informant brought for the purchase of the kilo. They also established that the informant would follow Lockett and Davis to Atlanta.

12. As the defendant and Davis began to drive off in the defendant's vehicle, authorities blocked the exits and arrested the defendant and Davis. In addition to confiscating the money, a loaded .357 revolver was found in the console between Lockett and Davis. Both Lockett and Davis were arrested and charged by state authorities with Attempting to Traffic in Cocaine. Defendant posted bond and these charges were subsequently dismissed due to the Federal prosecution.

13. On January 10, 1992, authorities, who were continuing to maintain surveillance on the defendant, observed him send his son, Fabian Bryant, outside the trailer in Crawford County to retrieve cocaine from a location which could not be seen by the officers. Fabian Bryant returned the drugs to the defendant who subsequently sold four "rocks" to an informant. Soon after this sale, authorities raided the defendant's trailer and confiscated $389.84 in cash from the defendant's right front pocket which was marked money previously given to the informant.

14. In addition to the undercover sales, there were four searches between January 16, 1987 and January 10, 1992 in Crawford County, Georgia. Three of the searches were at the defendant's trailer and one search was at the defendant's mother's address which is within close proximity of the defendant's trailer as the entire Lockett family resides near one another in either mobile homes or homes on Dixon Road in Crawford County, Georgia. During these searches, a total of 108.28 grams of powder cocaine, 30.2 grams of marijuana and 1.2 grams of crack cocaine was confiscated. Also, scales, a handmade pipe, a microwave containing cocaine residue, a .25 caliber pistol and .22 caliber rifle were confiscated.

3

(4)

LOCKETT, Hollis
Docket No. 92-48-MAC-001

15. The defendant was arrested by local authorities on charges of Possession of Drug-Related Objects and Sale/Possession of Dangerous Drugs With Intent to Distribute. He was released on bond and on June 3, 1992, he was arrested by federal authorities. He posted bond and remained at liberty until his bond was revoked on May 14, 1993, after the return of the jury's verdict and the Court's finding that the seriousness of the charges and the fact that the defendant submitted perjured testimony during the trial warranted detention.

16. The total of the powdered cocaine sold to informants or seized during the execution of search warrants is 108.28 grams. Also, as addressed above, the defendant negotiated to sell one kilogram of powdered cocaine which brings the total to 1,108.51 grams of powdered cocaine. The total of the crack cocaine confiscated through sales and search warrants is 26.04 grams. As previously noted, there were four drug sales in which the drugs were not analyzed to determine the specific weights. The total of the marijuana confiscated during the conspiracy was 30.2 grams.

Victim Impact

17. There is no identifiable victim in the instant offenses.

Adjustment for Obstruction of Justice

18. The Probation Office has not developed any information suggesting the defendant impeded or obstructed justice.

Adjustment for Acceptance of Responsibility

19. After being found guilty of four drug-related counts in a jury trial, the defendant continued to deny any involvement in drug activity. He stated that he had never sold any drugs and that confidential informants would make purchases from others and use the defendant's name when, in fact, the defendant was not present. He also denies that his voice is on any tape relating to undercover purchases and that "they framed me."

Offense Level Computation

20. The Guidelines Manual effective November 1, 1992, has been used in this case.

21. In accordance with provisions found at U.S.S.G. §3D1.1(a)(1), multiple counts are to be grouped into

4

(5)

LOCKETT, Hollis
Docket No. 92-48-MAC-001

distinct groups of closely related counts ("groups") by
applying U.S.S.G. §3D1.2. U.S.S.G. §3D1.2(b) and (d) state
that when counts involve the same victim and two or more
acts or transactions connected by a common criminal
objective or when the offense level is determined largely
on the basis of the total amount of harm or loss, the
quantity of the substance involved, or some other measure
of aggregate harm, or if the offense behavior is ongoing or
continuous in nature and the offense guideline is written
such behavior, the counts are to be grouped to form one
count group. In this case, the conspiracy to possess with
intent to distribute cocaine and cocaine base count (21
U.S.C. §846 i/c/w 21 U.S.C. §841(a)(1)) and the substantive
three counts of possession with intent to distribute
cocaine base (21 U.S.C. §841(a)(1)) are grouped to form one
single count group.

22. The defendant, based on relevant conduct provisions found
at U.S.S.G. §1B1.3, is also held accountable for Counts 2
and 3 of the indictment which the Court declared a mistrial
on after the jury could not reach a verdict. Count 2
involves the 108 grams of powder cocaine confiscated from
the defendant's mother's home. Count 3 involves the sale of
2.4 grams of crack cocaine by the defendant to a
confidential informant. U.S.S.G. §1B1.3(a)(1)(A) and (B)
states that the offense level shall be determined based on
all acts and omissions committed, aided, counseled,
commanded, willfully caused by the defendant and in the
case of a jointly criminal taken activity, all reasonably
foreseeable acts and omissions of others in furtherance of
the jointly undertaken criminal activity, that occurred
during the commission of conviction, in preparation for
that offense, or in the course of attempting to avoid
detection or responsibility. Also, U.S.S.G. §1B1.3(a)(2)
states that with offenses which would require grouping of
multiple counts, all acts and omissions that were part of
the same course of conduct or common scheme or plan as the
offense of conviction are included.

23. Pursuant to U.S.S.G. §2D1.1, comment. (n.12), in an offense
involving negotiation to traffic in a controlled substance,
the weight under negotiation in an uncompleted distribution
should be used to calculate amount. In this case, the
defendant negotiated to sell one kilogram of powdered
cocaine to the informant.

24. Therefore, the base offense level is based on the
negotiated amount of one kilogram of cocaine as well as the
additional 108.51 grams of powdered cocaine sold or

5

(6)

**LOCKETT, Hollis**
**Docket No. 92-48-MAC-001**

confiscated during searches of the defendant's residence. Additionally, the defendant is responsible for 30.2 grams of marijuana and 26.04 grams of crack cocaine either sold or confiscated during the execution of the search warrants. Also, we note there were four sales of crack cocaine to an informant and these drugs were not analyzed to determine specific weights. U.S.S.G. §2D1.1, comment. (n.12), provides guidance for estimating drug weights in such a situation. It is noted that these four sales involve approximately less than one gram and would not alter the computations.

25. Also, U.S.S.G. §2D1.1, comment. (n.10), states that the drug equivalency tables are to be used for combining differing controlled substances to obtain an single offense level. In each case, the drugs are to be converted to its marijuana equivalent and the quantities added to determine the combined offense level. In this case, the 1,108.51 grams of powdered cocaine converts to 221.646 kilograms of marijuana. The total of the crack cocaine is 26.04 grams and converts to 520.8 kilograms of marijuana. Combining these two amounts with the 30.2 grams of marijuana results in a total of 772.646 kilograms of marijuana.

26. Base Offense Level: The guideline for 21 U.S.C. §846 and 21 U.S.C. §841(a)(1) violations are found at U.S.S.G. §2D1.1.

27. U.S.S.G. §2D1.1(c)(7) directs that the base offense level is thirty (30) for offenses involving at least 700 kilograms but less than 1,000 kilograms of marijuana. As previously noted, after combining the three drug amounts and converting them to their marijuana equivalents, the base offense level is based on 772.646 kilograms of marijuana.                                                                     **30**

28. Specific Offense Characteristics: Pursuant to U.S.S.G. §2D1.1, the base offense level is increased by two since the defendant was in possession of a firearm during the transaction involving the attempted sale of one kilogram of cocaine. Two weapons were also found during the December 29, 1990, search of the defendant's residence.                    **2**

29. Adjustment for Role in the Offense: Pursuant to U.S.S.G. §3B1.1(c), since the defendant was an organizer/leader of the criminal activity, the offense level is increased by two.                                                                     **2**

30. Victim-Related Adjustments: None.                    **0**

6

LOCKETT, Hollis
Docket No. 92-48-MAC-001

PART A.  THE OFFENSE

Charge(s) and Conviction(s)

1.  On May 13, 1993, after a jury trial, the defendant was
    found guilty of Counts 1, 4, 5 and 6 of Indictment No. 92-
    48-MAC. Count 1 charges that between January 1, 1987 and
    March 19, 1992, the defendant, Dale Lockett and Robert
    Deese conspired to possess with intent to distribute
    cocaine and cocaine base in violation of 21 U.S.C. §846
    i/c/w 21 U.S.C. §841(a)(1). Counts 4, 5 and 6 all charge
    the defendant with possession with intent to distribute
    cocaine base in violation of 21 U.S.C. §841(a)(1).
    Specifically, Counts 4 and 6 charge, respectively, that on
    October 18, 1990 and January 10, 1992, the defendant
    possessed with intent to distribute cocaine base in
    violation of 21 U.S.C. §841(a)(1). Count 5 charges both the
    defendant and Robert Deese committed this same offense on
    December 5, 1990.

2.  A mistrial was declared on Counts 2 and 3. Count 2 of the
    indictment charged the defendant and Dale Lockett with
    committing this same offense on January 20, 1988. Count 3
    charged only the defendant with committing this offense on
    October 3, 1993. Counts 7 through 10 charge codefendant
    Dale Lockett with committing four separate offenses of
    possession with intent to distribute cocaine base between
    March 19, 1992 and December 18, 1992.

3.  On May 6, 1993, codefendant Dale Lockett pled guilty to
    Count 9 of the indictment which charges possession with
    intent to distribute cocaine base in violation of 21 U.S.C.
    §841(a)(1). Codefendant Robert Deese pled guilty on May 7,
    1993, to a one-count information which charges possession
    of a firearm by a convicted felon in violation of 18 U.S.C.
    §922(g)(1). Both defendants are awaiting sentencing.

4.  The defendant was arrested on June 3, 1992, by federal
    authorities and posted a $15,000 unsecured bond this same
    date. On May 10, 1993, the defendant was arrested by
    federal authorities on a complaint charging tampering with
    a witness. He was ordered temporarily detained on May 11,
    1993, and on May 14, 1993, after conviction on the present
    charges, Chief Judge Wilbur D. Owens, Jr. ordered the
    defendant detained because of the seriousness of the
    charges, the potential penalty and because of the Court's
    finding that the defendant submitted perjured testimony
    during the trial.

1

```
 1    A    I bought it off the street.

 2    Q    You don't know -- do you know who?

 3    A    Different ones.

 4    Q    Do you know the names of those different people?

 5    A    No.  I'd know them by face, I don't know their name.

 6    Q    You don't know their face and you don't know their --

 7    A    I know their face, I don't know his name.

 8    Q    You know the face, but not the name?

 9    A    Right.

10    Q    Now, back in 1988, where did that cocaine come from?

11    A    In '88?

12    Q    '88?

13    A    Talking about what inside the house?

14    Q    Yes, sir.

15    A    Where I got it from?

16    Q    Yes, sir.

17    A    Atlanta.

18    Q    In Atlanta, where?

19    A    Off the street.

20    Q    You don't -- do you know who?

21    A    Well -- no.  I know his face, I don't know his name.

22    Q    You know the face, you don't know the name?

23    A    Right.

24              MR. SOLIS:  That's all I have for the witness, Your

25    Honor.
```

1    Q    Are you going to trial, did you plead guilty, what

2    happened to your charges?

3    A    I pleaded.

4    Q    You pled guilty to your charges?

5    A    Uh-huh (affirmative).

6         THE COURT:  Now, ladies and gentlemen, the fact

7    that he pled guilty doesn't prove that anybody else is

8    guilty.  You take that into consideration in deciding whether

9    you wish to believe him or not.

10   Q    MS. JONES:  Now, Mr. Dale Lockett, there was some

11   testimony that there were some drugs found underneath a

12   mattress in your mother's residence in January of 1988.  Do

13   you have any knowledge about those drugs that were found

14   underneath the mattress?

15   A    Yeah.

16   Q    What do you know about those drugs?

17   A    What you say, what I --

18   Q    Whose drugs were they?  Who did they belong to?

19   A    Oh, they were mine.

20   Q    Now, these are the same drugs that were found in that

21   black --

22        MR. SOLIS:  Your Honor, I'm going to object.  I

23   believe Ms. Jones is leading the witness at this particular

24   point.

25        THE COURT:  Yes, ma'am, let's don't lead the

1    witness.

2    Q    MS. JONES:  What were the drugs packaged in?

3    A    A black bag.

4    Q    Was there anything else in that black bag?

5    A    There was some cocaine.

6    Q    What else, besides the cocaine, was in that bag?

7    A    And pictures.

8    Q    Pictures of whom?

9    A    Hollis and Joyce.

10   Q    And it's your statement that those were your drugs?

11   A    Yes, ma'am.

12         MS. JONES:  Your Honor, may I have one minute to

13   talk with Mr. Lockett?

14         THE WITNESS:  I got one question, too, now.

15         MR. SOLIS:  Your Honor, I'm going to object to --

16         THE COURT:  You haven't been asked anything.

17         THE WITNESS:  Okay, I just wanted --

18         MS. JONES:  No further questions, Your Honor.

19         THE COURT:  All right.  Does the government have

20   any questions?

21         MR. SOLIS:  I do, Your Honor.

22                    FURTHER CROSS EXAMINATION

23   BY MR. SOLIS:

24   Q    Mr. Lockett, my name is Michael Solis and I'm an

25   Assistant U.S. Attorney, I have just a few questions for you

1    today.  The person sitting right here, that's your brother;

2    isn't that correct?

3    A    Yes, sir.

4    Q    Now, he's your older, big brother; isn't that correct?

5    A    Yes, sir.

6    Q    And he's had a big influence on your life; isn't that

7    true?

8    A    No, sir.

9    Q    You're saying that he has not had any influence on you

10    at all, being your older brother?

11    A    Uh-uh (negative).

12    Q    You never looked to him at all?

13    A    What are you talking about now?

14    Q    Looked to him for guidance or anything like that; is

15    that correct?

16    A    Well, he's my brother.

17    Q    Okay, sir.  Now, I want to take you back to January 20th

18    of 1988.  Do you recall that day?

19    A    Yes, sir.

20    Q    And where were you living at that time?

21    A    My grandmama's.

22    Q    Your grandmother?

23    A    Well, my grandmama's house.

24    Q    Now, you mentioned this bag; what does this bag have on

25    the outside?  Do you remember, if anything, or was it just a

1    plain black bag?

2    A    I really wasn't paying no attention 'cause I -- you

3    know, I didn't -- like I say, I didn't buy it to sell, I was

4    using it, so I didn't pay no attention about the bag.

5    Q    So, do you remember what was inside that bag?

6    A    What you talking about now?

7    Q    What was inside the bag that you just testified to?

8    A    Oh, cocaine.

9    Q    How much cocaine?

10   A    I don't know how much 'cause I didn't -- I didn't weigh

11   it or nothing.

12   Q    Is it your testimony that you don't know how much

13   cocaine was in there that you had for your use; is that your

14   testimony?

15   A    Right, 'cause I didn't buy it to sell.

16   Q    Sir?

17   A    I said right 'cause I didn't buy it to sell.  I wasn't

18   particular about how much it was.

19   Q    So, you weren't concerned even to how much you had when

20   you were going to use cocaine; is that your testimony?

21   A    Right, I didn't buy it to sell.

22   Q    Do you recall how many bags were inside the black bag?

23   A    I wasn't paying no attention.

24   Q    You don't know.  Do you remember whether any of them

25   were smaller bags?

1  this when you had your -- put your initials down here; is

2  that correct?

3  A    No, sir, I didn't read it.

4          MR. SOLIS:  Your Honor, we move to tender

5  Government's Exhibit #46.

6          THE COURT:  Any objection?

7          MS. JONES:  No, Your Honor.

8          THE COURT:  It's admitted and may be displayed to

9  the jury.

10          MR. SOLIS:  Nothing further of this witness, Your

11  Honor.

12          THE COURT:  Anything else, Ms. Jones?

13          MS. JONES:  Yes, Your Honor, I have one further

14  question.

15                      REDIRECT EXAMINATION

16  BY MS. JONES:

17  Q    Mr. Lockett, you do have information as to what you did

18  in these cases; isn't that correct?

19  A    Right.  Yeah, I got that, yeah.

20  Q    And your testimony is concerning what you did; isn't

21  that correct?

22  A    Right.  What I'm saying, that's on my head, not Hollis.

23  In my head.  I account what I do, not what Hollis do.

24          MS. JONES:  No further questions, Your Honor.

25          THE COURT:  Anything else?

1    AUGUST 20, 1993, MACON, GEORGIA, 3:30 P.M.

2            THE COURT:  Good afternoon, ladies and gentlemen.

3    All right, go right ahead, Mr. District Attorney.

4            MR. SOLIS:  Your Honor, we're here for a sentencing

5    concerning THE UNITED STATES OF AMERICA VS. HOLLIS LOCKETT.

6    It's Criminal Case #92-48, Your Honor.

7            Your Honor, in this particular case, I believe Ms.

8    Jones and the government have filed objections to the

9    Presentence Report.  Would the Court like us to address that

10   first?

11           THE COURT:  Yes, sir.

12           MR. SOLIS:  Your Honor, with respect to the

13   government's objections, we initially filed written

14   objections to the Presentence Report, specifically with

15   respect to Paragraph 29, Role in the Offense, and Paragraph

16   31.  Your Honor, in preparation to today's hearing, we just

17   finished interviewing another witness this afternoon, just

18   before the Court took the Bench.  The government has decided

19   to withdraw its objection to Paragraph 29, seeking an

20   enhancement, a four-level enhancement for five people

21   involved in the conspiracy.

22           So, Your Honor, with respect to our objection, we

23   really are only going to proceed with our objection to

24   Paragraph 31, the Obstruction of Justice enhancement under

25   Section 3(c)1.1.  I think our position is pretty well

1    outlined in our brief, Your Honor.  We filed a brief.

2         THE COURT:  Well, remind me of what it is, please,

3    sir.

4         MR. SOLIS:  Yes, sir, Your Honor.  Your Honor, what

5    the government is maintaining is that the defendant committed

6    obstruction of justice pursuant to that particular guideline

7    section by perjuring himself during the trial of this

8    particular case.  Mr. Lockett, as the Court will recall --

9    well, first, I should talk about the case the government has.

10        THE COURT:  Yes, sir.

11        MR. SOLIS:  The government produced evidence, Your

12   Honor, in the form of tape recordings where the defendant was

13   tape recorded on numerous occasions throughout this

14   particular conspiracy, beginning in October of 1990, where

15   Mr. Lockett met with Mr. Howington in a rural area on Dixon

16   Road in Crawford County.  We then went to a location in

17   Thomaston, Piggy Park, where there was a taped conversation

18   that Mr. Lockett and Mr. Howington, who was a cooperating

19   witness, met and discussed the purchase of one kilogram of

20   cocaine and directly across the street were two law

21   enforcement officers who observed all this.

22        THE COURT:  Yes, sir.

23        MR. SOLIS:  Mr. Lockett, after the close of the

24   government's case, took the stand and denied that was his

25   voice on any of the tape recordings that the government

RE:  **LOCKETT, Hollis**
     **Docket No. 92-48-MAC-001**

31.  Adjustment for Obstruction of Justice: None.          <u>0</u>

32.  Adjusted Offense Level (Subtotal):                    <u>34</u>

33.  Adjustment for Acceptance of Responsibility: It is the
     opinion of the U. S. Probation Office that Lockett has not
     demonstrated a recognition and an affirmative acceptance of
     personal responsibility for his criminal conduct.
     Therefore, pursuant to U.S.S.G. §3E1.1(a), a two-level
     reduction is not warranted.                           <u>0</u>

     <u>Chapter Four Enhancements</u>

34.  None.                                                 <u>0</u>

35.  Total Offense Level:                                  <u>34</u>

     <u>Offense Behavior Not Part of Relevant Conduct</u>

36.  None.

**PART B.    THE DEFENDANT'S CRIMINAL HISTORY**

     <u>Juvenile Adjudications</u>

37.  None.

     <u>Criminal Convictions</u>

| Date of<br>Arrest | Date Sentence<br>Conviction/<br>Court | Imposed/<br>Disposition | Guideline/<br>Points |
|---|---|---|---|
| 38. 12-15-84<br>(Age 28) | Criminal Trespass<br>Upson County, GA<br>Superior Court,<br>No. 17,460 | 01-18-85; 12<br>mos. probation,<br>$250 fine. | 4A1.1(c)<br><br><u>1</u> |

39.  The defendant was represented by counsel. Court records
     indicate the defendant's probation was terminated on
     April 11, 1985. Also, the defendant was initially charged
     with Aggravated Assault (two counts) which was reduced to
     criminal trespass.

     <u>Criminal History Computation</u>

40.  The criminal conviction above results in a total criminal
     history score of 1. According to the Sentencing Table,

7

Proceedings include all events.
5:92cr48-1 USA v. Lockett, et al

                        (cal) [Entry date 05/11/93]

5/11/93    --        Bench WARRANT issued as to Hollis Lockett (cal)
                     [Entry date 05/12/93]

5/11/93    --        ARREST of Hollis Lockett (cal) [Entry date 05/12/93]

5/11/93    --        Motion hearing held  on Revocation of Pretrial Release as to
                     Hollis Lockett re: [61-1] motion for Revocation of Pretrial
                     Release and Bench Warrant. (cal) [Entry date 05/12/93]
                     [Edit date 05/12/93]

5/11/93    63        Minute sheet as to Hollis Lockett : Revocation of Pretrial
                     Release Hearing held before Mag Judge Claude W. Hicks, Jr.
                     Case is set for trial on May 12, 1993.  Court and Govt.
                     agreed that issue will be dealt with after trial.  Court
                     will issue Order of Temporary Detention. Hrg. continued
                     until Thursday, May 13, 1993 at 2:30 p.m. (cal)
                     [Entry date 05/12/93] [Edit date 05/14/93]

5/11/93    --        Status conference  as to Hollis Lockett  held (cal)
                     [Entry date 05/14/93]

5/11/93    64        Minute sheet as to Hollis Lockett :   Status Conference held
                     before Judge Wilbur D. Owens, Jr., regarding Deft.'s Arrest
                     for Intimidating Witnesses.  Judge ruled evidence of
                     intimidation is admissable at trial. (cal)
                     [Entry date 05/14/93] [Edit date 05/14/93]

5/12/93    65        ORDER OF TEMPORARY DETENTION Pending Hearing as to Hollis
                     Lockett (Signed by Mag. Judge Claude W. Hicks Jr.) (cal)
                     [Entry date 05/12/93] [Edit date 05/14/93]

5/12/93    --        Jury trial as to Hollis Lockett  held (cal)
                     [Entry date 05/14/93]

5/12/93    66        Jury questions filed as to Hollis Lockett (cal)
                     [Entry date 05/14/93] [Edit date 05/14/93]

5/12/93    67        ORDER to retain custody of sensitive exhibits as to Hollis
                     Lockett (signed by Judge Wilbur D. Owens Jr.) (cal)
                     [Entry date 05/14/93] [Edit date 05/14/93]

5/12/93    68        RIGHT TO TESTIFY FORM as to Hollis Lockett (cal)
                     [Entry date 05/14/93] [Edit date 05/14/93]

5/13/93    69        JURY VERDICT as to Hollis Lockett Guilty: Hollis Lockett
                     (1) count(s) 1ss, 4ss, 5ss, 6ss (cal) [Entry date 05/14/93]

5/13/93    70        Minute sheet as to Hollis Lockett :, Declaring Mistrial
                     Hollis Lockett (1) count(s) 2ss, 3ss (cal)
                     [Entry date 05/14/93]

Proceedings include all events.
5:92cr48-1 USA v. Lockett, et al

5/13/93   70      Minute sheet as to Hollis Lockett :   Jury Trial held in
                  Macon, GA before Judge Wilbur D. Owens, Jr., in Macon, GA
                  on May 12 and 13, 1993. (cal) [Entry date 05/14/93]

5/13/93   71      Exhibit list by USA as to Hollis Lockett (exhibits located
                  in basement exhibit room) (cal) [Entry date 05/14/93]

5/13/93   72      Charge to Jury (1 cassette tape) as to Hollis Lockett (cal)
                  [Entry date 05/14/93] [Edit date 05/14/93]

5/13/93   73      MOTION with Brief in Support by USA  as to Hollis Lockett
                  for Detention Pending Sentencing (cal) [Entry date 05/14/93]
                  [Edit date 05/14/93]

5/14/93   --      Evidentiary Hearing  as to Hollis Lockett  held (cal)
                  [Entry date 05/14/93]

5/14/93   74      Minute sheet as to Hollis Lockett : Evidentiary Hearing held
                  before Judge Wilbur D. Owens, Jr. Court granted [73-1]
                  motion for Detention Pending Sentencing as to Hollis Lockett
                  (1) (cal) [Entry date 05/14/93] [Edit date 06/29/93]

5/14/93   75      ORDER OF DETENTION PENDING SENTENCING as to Hollis Lockett
                  (Signed by Judge Wilbur D. Owens Jr.) (cal)
                  [Entry date 05/14/93] [Edit date 05/14/93]

5/21/93   76      MOTION by Hollis Lockett to Set Bond Pending Appeal (cal)
                  [Entry date 05/21/93] [Edit date 05/21/93]

5/21/93   --      Motion submission to Judge Wilbur D. Owens, Jr. as to Hollis
                  Lockett : submitted [76-1] motion to Set Bond Pending Appeal
                  as to Hollis Lockett (1) (cal) [Entry date 05/21/93]
                  [Edit date 06/29/93]

5/21/93   77      MOTION by Hollis Lockett to Proceed on Appeal in Forma
                  Pauperis and Notice of Appeal filed prematurely by defendant
                  pro-se; allowed for filing by Greg Leonard, Clerk (cal)
                  [Entry date 05/21/93] [Edit date 06/29/93]

5/21/93   78      MOTION by Hollis Lockett to Proceed in Forma Pauperis on
                  Appeal, due to ineffectiveness of court-appointed counsel
                  (cal) [Entry date 05/21/93] [Edit date 06/07/93]

6/4/93    79      ORDER as to Hollis Lockett denying [76-1] motion to Set
                  Bond Pending Appeal as to Hollis Lockett (1) since Deft.
                  has not been sentenced; therefore, there is no judgment
                  from which he can now appeal.  His motion, therefore, must
                  be considered as a motion to vacate the court's order of
                  May 14, 1993. (Signed by Judge Wilbur D. Owens Jr.) (cal)
                  [Entry date 06/07/93]

6/16/93   80      MOTION by Hollis Lockett for Release While Awaiting
                  Sentencing (cal) [Entry date 06/17/93]

Docket as of July 13, 2001 12:10 pm                    Page 10

Proceedings include all events.
5:92cr48-1 USA v. Lockett, et al

6/17/93  --      Motion submission to Judge Wilbur D. Owens, Jr., as to
                 Hollis Lockett : submitted [80-1] motion for Release While
                 Awaiting Sentencing as to Hollis Lockett (1) (cal)
                 [Entry date 06/17/93]

6/18/93  81      ORDER as to Hollis Lockett denying [80-1] motion for
                 Release While Awaiting Sentencing as to Hollis Lockett (1)
                 (Signed by Judge Wilbur D. Owens Jr.) (cal)
                 [Entry date 06/18/93]

6/28/93  --      Motion submission to Judge Wilbur D. Owens, Jr., as to
                 Hollis Lockett : submitted [78-1] motion to Proceed in
                 Forma Pauperis on Appeal, due to ineffectiveness of
                 court-appointed counsel as to Hollis Lockett (1), submitted
                 [77-1] motion to Proceed on Appeal in Forma Pauperis and
                 Notice of Appeal filed prematurely no defendant pro-se;
                 allowed for filing by Greg Leonard, Clerk as to Hollis
                 Lockett (1) (cal) [Entry date 06/28/93]

7/1/93   82      ORDER as to Hollis Lockett, for Medical Treatment (Signed
                 by Mag. Judge Claude W. Hicks Jr.) (cal)
                 [Entry date 07/02/93]

7/12/93  83      ORDER as to Hollis Lockett, for Medical Treatment; Deft
                 is refusing medical treatment; U.S. Marshal's Service is
                 ordered to take deft to appropriate medical facility and
                 the physicians are ordered to perform such medical
                 treatment to protect the health of deft ( Signed by Judge
                 Wilbur D. Owens Jr. ) (np) [Entry date 07/14/93]

8/12/93  84      OBJECTION by USA  to Presentence Investigation Report  as
                 to Hollis Lockett (cal) [Entry date 08/12/93]

8/16/93  85      OBJECTION by Hollis Lockett  to Presentence Investigation
                 Report (cal) [Entry date 08/16/93]

8/16/93  86      RESPONSE by Hollis Lockett in opposition to [84-1]
                 objection (cal) [Entry date 08/16/93]

8/20/93  --      Sentencing  held  Hollis Lockett (1) count(s) 1ss, 4ss,
                 5ss, 6ss (cal) [Entry date 08/20/93]

8/20/93  --      DISMISSAL of Count(s) on Government Motion as to Hollis
                 Lockett Counts Dismissed: Hollis Lockett (1) count(s) 2ss,
                 3ss (mistrial) (cal) [Entry date 08/23/93]

8/20/93  87      Minute sheet as to Hollis Lockett :  Sentencing Hrg held
                 before Judge Wilbur D. Owens, Jr., in Macon, GA.  Oral
                 argument by counsel as to guideline calculations.  Judge
                 ruled in favor of calculations as prepared by Probation
                 Department.  Defendant sentenced. (cal)
                 [Entry date 08/23/93]

Docket as of July 13, 2001 12:10 pm                Page 11

Proceedings include all events.
5:92cr48-1 USA v. Lockett, et al

8/26/93   88     NOTICE OF APPEAL by Hollis Lockett (1) count(s) 1ss, 4ss,
                 5ss, 6ss   Filing Fee -  CJA ATTORNEY (cal)
                 [Entry date 08/27/93] [Edit date 08/27/93]

8/26/93   89     MOTION by Hollis Lockett for New Trial Due to the Violation
                 of the Minimum Statutory Provisions of the Speedy Trial Act
                 Response to motion deadline set for 9/16/93 for USA (cal)
                 [Entry date 08/27/93] [Edit date 08/27/93]

8/27/93   90     JUDGMENT as to Hollis Lockett (1) Imprisonment 235 months,
                 counts 1ss, count(s) 4ss, count(s) 5ss, and count(s) 6ss,
                 all to run concurrently for a total of 235 months, followed
                 by 5 yrs. supvr. release.  Mandatory Assessment Fee of
                 $200.00.  Spec. Cond. of Supvr. Release:  Deft. shall not
                 own or possess a firearm, destructive device or dangerous
                 weapon and Deft. shall participate in a program approved by
                 the U.S. Probation Office, which may include urinalysis
                 testing to determine whether or not defendant is using drugs
                 or alcohol, and if necessary, treatment of drug/alcohol
                 addiction or dependency. Court waives fine/alternative
                 sanctions. Court also waives additional fine requiring that
                 defendant pay the cost of imprisonment and/or supervision
                 fee. (Signed by Judge Wilbur D. Owens Jr.) (cal)
                 [Entry date 08/27/93] [Edit date 08/27/93]

8/27/93   --     Notice of appeal and certified copy of docket as to Hollis
                 Lockett  to USCA: [89-1] appeal (cal) [Entry date 08/27/93]

8/27/93   90     JUDGMENT as to Hollis Lockett (1) count(s) 2ss, 3ss .
                 Dismissed on government's motion; mistrial ( Signed by
                 Judge Wilbur D. Owens Jr. ) (whm) [Entry date 09/08/93]

8/30/93   --     PRESENTENCE INVESTIGATION REPORT (Sealed) as to Hollis
                 Lockett (cal) [Entry date 08/30/93]

9/8/93    --     USCA Case Number as to Hollis Lockett  Re: [88-1] appeal
                 USCA NUMBER: 93-9078 (cal) [Entry date 09/08/93]

9/15/93   92     RESPONSE by USA  as to Hollis Lockett re [89-1] motion for
                 New Trial Due to the Violation of the Minimum Statutory
                 Provisions of the Speedy Trial Act (cal)
                 [Entry date 09/15/93]

9/15/93   --     Motion submission to Judge Wilbur D. Owens, Jr., as to
                 Hollis Lockett : submitted [89-1] motion for New Trial Due
                 to the Violation of the Minimum Statutory Provisions of the
                 Speedy Trial Act as to Hollis Lockett (1) (cal)
                 [Entry date 09/15/93]

9/20/93   93     RESPONSE by USA  as to Hollis Lockett re [76-1] motion to
                 Set Bond Pending Appeal (cal) [Entry date 09/20/93]

Judgment--Page 5 of 5

Defendant: HOLLIS LOCKETT
Case Number: CR 92-48-MAC(WDO)

## STATEMENT OF REASONS

The court adopts the factual findings and guideline application in the presentence report except (see attachment, if necessary): Court found that defendant committed perjury at trial and base offense level was increased by two pursuant to the obstruction enhancement found at U.S.S.G. 3C1.1.

Guideline Range Determined by the Court:

| | |
|---|---|
| Total Offense Level: | 36 |
| Criminal History Category: | I |
| Imprisonment Range: | 188 months to 235 months |
| Supervised Release Range: | 5 years |
| Fine Range: | $ 17,500 to $ 4,000,000 |
| Restitution: | $ N/A |

*A true and certified copy.*
*This Aug 27 193.*
*GREGORY J. LEONARD, CLERK*
*U.S. Dist. Court, MD Ga.*
*By: _____*
*DEPUTY CLERK*

The fine is waived or is below the guideline range because of the defendant's inability to pay.

The sentence is within the guideline range, that range exceeds 24 months, and the sentence is imposed for the following reason(s): Court found the sentence reflects the totality of the circumstances and the extensiveness of the defendant's criminal conduct.

**ENTERED ON DOCKET**
*Aug 27____, 19 93*
*Gregory J. Leonard, Clerk*
*by _____*
*Deputy Clerk*