```
                 UNITED STATES DISTRICT COURT
                  DISTRICT OF MASSACHUSETTS

HOLLIS LOCKETT,                  )
                                 )
          Petitioner,            )
                                 )
     v.                          )    C.A. No. 05-40090-MLW
                                 )
DAVID L. WINN, WARDEN,           )
                                 )
          Respondent.            )
```

### MEMORANDUM AND ORDER

For the reasons stated below, the habeas petition is dismissed.

### BACKGROUND

On May 27, 2005, Hollis Lockett, an inmate at FMC Devens, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 seeking to vacate and correct the sentence of imprisonment imposed in 1993 by the United States District Court for the Middle District of Georgia. See Petition, p. 2; United States v. Lockett, C.R. No. 92-48-WDO (M.D. Ga. Feb. 7, 2001).

Although Lockett never took a direct appeal from his sentence, he has filed in the Middle District of Georgia several unsuccessful motions under Section 2255 to vacate or correct his sentence. See Id.; Lockett v. United States, C.A. No. 94-330-WDO (denied Nov. 10, 1994); Lockett v. United States, C.A. No. 96-368-WDO (closed Dec. 26, 1996); Lockett v. United States, C.A. No. 94-384-WDO (denied Oct. 15, 1996); Lockett v. United States, C.A. No. 94-304-WDO (dismissing Sept. 23, 1999); Lockett v. United States, C.A. No. 96-172-WDO (denied May 8, 1996); Lockett v. United States, C.A. No. 00-70-WDO (dismissed Mar. 10, 2000);

and Lockett v. United States, C.A. No. 00-375-WDO (denied Oct. 2, 2000). In 1996, Lockett filed a Section 2241 petition while incarcerated at FCI Otisville in New York which was transferred to the Middle District of Georgia. Lockett v. United States, C.A. No. 96-0713-TPG (S.D.N.Y. Sept. 26, 1996).

## DISCUSSION

I.  Petitioner Has Not Paid the Requisite
    Filing Fee Or Submitted An Application
    to Proceed Without Prepayment of the Fees

A party filing an action in this Court must either (1) pay the $5.00 filing fee for habeas corpus actions or (2) file an application to proceed without prepayment of fees on the form required by this Court entitled "Application to Proceed Without Prepayment of Fees and Affidavit" (the "Application"). See Fee Schedule for the District of Massachusetts; 28 U.S.C. § 1914(a) (fees); 28 U.S.C. § 1915 (proceedings in forma pauperis).

Here, petitioner failed to pay the filing fee or file a fee-waiver application. Although generally a petitioner who has not paid the filing fee or submitted an application for waiver of the filing fee is granted additional time to do so, because this action is subject to dismissal for the reasons stated below, the Court will not grant petitioner additional time to pay the fee.

II. The Petition Fails to State a Cognizable Claim

Lockett claims entitlement to relief based upon the United States Supreme Court's decisions in Booker, Blakely, and Apprendi. See United States v. Booker, 125 S. Ct. 738, 160 L.

Ed. 2d 621 (Jan. 12, 2005) (Federal Sentencing Guidelines were not mandates but advisory); <u>Blakely v. Washington</u>, 124 S. Ct. 2531, 2538, 159 L. Ed. 2d 403 (June 24, 2004) (an enhanced sentence imposed by a judge under the Washington Sentencing Reform Act, which was based on facts neither admitted by the defendant nor found by a jury, violated the Sixth Amendment to the United States Constitution); <u>Apprendi v. New Jersey</u>, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000) (any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt).

    Specifically, Lockett challenges (1) the calculation of his base offense level concerning drug quantities; (2) the failure of the indictment to include drug quantities; (3) the sentence enhancement for possession of firearms; (4) the assessment of a two level enhancement for being an organizer or leader; and (5) the sentence enhancement for perjury.  <u>See</u> Petition, p. 4-5.

    The instant action is subject to dismissal on the grounds that the petitioner has failed to state a cognizable claim under § 2241.  Because Lockett's petition challenges the actual underlying sentence, rather than an attack on the "execution" of the sentence, the proper vehicle to make this attack would be a § 2255 motion with the sentencing court.  Because Lockett previously filed several Section 2255 actions, any new Section 2255 action by Lockett would be deemed a successive petition and

Lockett would be required to move in the appropriate court of appeals for an order authorizing the sentencing court to consider his application.

Moreover, petitioner's reliance on <u>Booker</u> is misplaced. "'[P]etitions under 28 U.S.C. § 2255 are unavailable to advance <u>Booker</u> claims in the absence of a Supreme Court decision rendering <u>Booker</u> retroactive.'" <u>United States v. Fraser</u>, 407 F. 3d 9, 11 (1st Cir. 2005), <u>quoting</u> <u>Cirlo-Munoz v. United States</u>, No. 02-1846, slip. op. At 14 (1st Cir. Apr. 2005).

## CONCLUSION

ACCORDINGLY, this habeas petition is dismissed.

SO ORDERED.

<u>October 18, 2005</u>                /s/ Mark L. Wolf
DATE                                MARK L. WOLF
                                    UNITED STATES DISTRICT JUDGE