HABEAS

# United States District Court
## District of Massachusetts (Worcester)
### CIVIL DOCKET FOR CASE #: 4:05-cv-40090-MLW

Lockett v. Winn  
Assigned to: Judge Mark L. Wolf  
Case in other court: USDC, Georgia, 92-00048MAC  
Cause: 28:2241 Petition for Writ of Habeas Corpus (federa

Date Filed: 05/27/2005  
Jury Demand: None  
Nature of Suit: 530 Habeas Corpus (General)  
Jurisdiction: U.S. Government Defendant

**Petitioner**

**Hollis Lockett**     represented by **Hollis Lockett**  
84182-020  
FMC Devens  
Federal Medical Center Devens  
P.O. Box 879  
Ayer, MA 01432  
PRO SE

V.

**Respondent**

**Warden David L. Winn**

| Date Filed | # | Docket Text |
|---|---|---|
| 05/27/2005 | 1 | PETITION for Writ of Habeas Corpus (2241) no fee submitted, filed by Hollis Lockett. (Attachments: # 1 memorandum# 2 memorandum part 2)(Jones, Sherry) (Entered: 06/06/2005) |
| 07/15/2005 |   | Filing fee: $ 5.00, receipt number 404611 regarding 2241 (Hassett, Kathy) (Entered: 07/15/2005) |

## CERTIFICATE OF SERVICE

I herby certify that a copy of the foregoing motion and documents was mailed to <u>David L. Winn, Warden</u> [Respondent] at:

       Federal Medical Center, Devens
       42 Patton Road
       P.O. Box 880
       Ater, MA. 01432-0880

On   10/26/  , 2005.

*Hollis Lockett*
Hollis Lockett, Petitioner

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Hollis Lockett, pro se :
        Petitioner,
                                :

      -v-                         :   CIVIL ACTION
                                         No.: 4:05 -cv- 40090-MLW
                                :
David L. Winn, Warden
        Respondent.   :

                                :

### MOTION FOR RECONSIDERATION

    **AND NOW** comes the petitioner, Hollis Locket, pro se, and files this Motion for Reconsideration of his habeas corpus pettition under 28 U.S.C. 2241, pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, and in support thereof the following is averred:

1. On May 27, 2005, the Petition for writ of Habeas Corpus was filed without the filing fee. Then on July 15, 2005, the filing fee was received by the Clerk's office (see attachments).

2. On October 18, 2005, the Petition was dismissed for two reasons. First, because of failure to pay the filing fee; which in light of the attached docket sheet, is clearly in error as the fee was paid. Second, and more substantiaaly, because of the belief that the Petition

failed to state a claim cognizable under § 2241. It is with respect to this second reason that the Petitioner feels that perhaps his unartful and perhaps inarticulate Petition was misunderstood on certain key points. See **PRICE v. JOHNSTON**, 334 U.S. 266, 292 (1948).

3. The Court states in its dismissal order that the Petitioner challanged, on point two, " the failure of the indictment to include drug quantities." Therefore, the Court considered this to be a **BOOKER** argument. However, the actual argument is not that the indictment did not include drug quantities, but rather that the sentencing Court used drug weights from counts that were tried in Court and that the jury failed to convict the Petitioner on these counts which were subsequently dismissed. See PSR ¶ 2,5,7-10,14,16,22-25 and 27; Docket Sheet for USA v. Lockett, et al, No. 90.

4. The Petitioner believes that to be sentenced based upon conduct that was put before a jury, but that the jury chose not to convict him of, is clearly a violation of his Due Process rights under the Fifth Amendment and his jury trial rights under both the Sixth Amendment and Article III, § 2,cl.3 of the Constitution. Furthermore, the Petitioner believes that this was an insult to the

(2)

to the fundamental principles of justice and the ancient principles of the common law.

5. The Petitioner believes that the sentencing Court's impromptu application of a two point enhancment at sentencing for perjury, without any prior notice and without even any form of evidentiary hearing, clearly was a violation of the Petitioner's rights under the Fifth and Sixth Amendments,  See, e.g., **JACKSON v. VIRGINIA**, 443 U.S. 307, 314 (1979) ( " It is axiomatic that a conviction upon a charge not made or upon a charge not tried constitutes a denial of due process."); In Re Winship, 397 U.S. 358, 362-365 (1970); **DAVIS v. U.S.**, 160 U.S. 496, 488 (1985).

6. It is the belief of the Petitioner that these claimed violations of his Constitutional Rights are cognizable under § 2241. and that dismissal of his Petition would " deprive a citizen of his only effective remedy [and] would not only be contrary to the rudimentary demands of justice, but destructive of a Constitutional guaranty specifically designed to prevent injustice,

" **JOHNSTON v. ZERBTS**, 304 U.S. 485, 467 (1938) (internal quotation marks and footnote removed). See also **KAUFMAN v. UNITED STATES**, 394 U.S. 217, 226 (1969); **SANDERS v. UNITED STATES**, 373 U.S. 1, 8 (1963).

7. The Petitioner feels that in an evidentiary hearing he would be able to show that due to ineffective assistance of counsel he was unable to assert his rights previously and that he was unaware of their significance. See **PRICE**, 334 U.S., at 291.

**WHEREFORE**, for all the foregoing reasons, the Petitioner respectfully request that your Honorable Court grant his motion and reconsider his Petition for writ of Habeas Corpus and grant him an evidentiary hearing.

this, the 26 day of Oct, 2005, by,

Respectfully submitted,

*Hollis Lockett*
Hollis Locket
Reg.No.84182-020
FMC Devens
P.O. Box 879
Ayer,MA.01432-0879

(4)