```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS

HOLLIS LOCKETT,                 )
     Petitioner,                )
                                )
     v.                         )    C.A. No. 05-40090-MLW
                                )
DAVID L. WINN, WARDEN           )
     Respondent.                )
```

ORDER

WOLF, C.J.                                          June 26, 2006

On October 18, 2005, this court issued a Memorandum and Order (Docket No. 2) dismissing this case due to the petition's failure to state a cognizable claim under 28 U.S.C. §2241. More specifically, the court dismissed this action because pro se petitioner Hollis Lockett ("Lockett") improperly used a §2241 petition to challenge the validity of his underlying sentence rather than a §2255 petition, which would have been the proper jurisdictional vehicle for Lockett's claims.

On October 28, 2005, Lockett filed a Motion for Reconsideration (Docket No. 4), requesting that the court reconsider his petition for a writ of habeas corpus and grant him an evidentiary hearing on the basis that the court misunderstood "his unartful and perhaps inarticulate petition" on "certain key points." Pet.'s Motion for Reconsideration at 2, ¶2. According to Lockett, the court misconstrued his second claim for relief, which asserted that he was sentenced on conduct "that the jury chose not to convict him of," as a Booker argument rather than a due process

1

argument under the Fifth Amendment and a right to jury trial under the Sixth Amendment.  Id. at 2, ¶¶3-4.  Lockett also argues that the court's application of a two point enhancement for perjury at sentencing is a violation of the Fifth and Sixth Amendments.  Id. at 3, ¶5.  Then, without citing to any legal authority, Lockett concludes that these claims for violations of constitutional rights at sentencing are cognizable under §2241.  See Id. at 3, ¶6.

Through his Motion for Reconsideration, Lockett fails to establish that his §2241 petition is intended to challenge the execution of his sentence rather than its validity.  As a result, Lockett has failed to address the substance of the court's basis for dismissal.

The First Circuit has stated that a motion under §2255 provides the "method [for] determining the validity of a judgment by the court which imposed the sentence."  Rogers v. United States, 180 F.3d 349, 357 n. 15 (1st Cir. 1999)(emphasis added).  Such a motion is the "'exclusive remedy in the sentencing court for any errors occurring at or prior to sentencing, including construction of the sentence itself.'"  Id. (quoting United States v. Flores, 616 F.2d 840, 842 (5th Cir. 1980).  In contrast, "[a] petition for writ of habeas corpus under §2241 generally challenges the manner, location, or conditions of a sentence's execution."  Id.(emphasis added).

In this case, Lockett is clearly seeking to challenge the

validity of his sentence by asserting claims for errors occurring at or prior to sentencing.  Indeed, rather than upsetting the court's original view on this matter, Lockett's Motion for Reconsideration reinforces it.  His sole argument that his second claim for relief should be characterized as an argument under the Fifth and Sixth amendments rather than as a <u>Booker</u> argument fails to cast this claim as a challenge to the execution of his sentence because it expressly relates to the propriety of the court's sentencing determination.  Accordingly, Lockett's Motion for Reconsideration lacks merit.

    Based on the foregoing, it is hereby ORDERED that:

    1.  The Request for an Evidentiary Hearing (Docket No. 4) is DENIED.

    2.  The petitioner's Motion for Reconsideration (Docket No. 4) is DENIED and this case shall remained CLOSED.

                                  /s/ MARK L. WOLF
                                 UNITED STATES DISTRICT JUDGE